MORRIS BURG ET AL., RELATORS, v. FRANK I. ACKERMAN, SUPERVISOR OF BUILDINGS OF THE CITY OF PASSAIC, RESPONDENT.

Decided January 18, 1927.

**Zoning—Apartment-House in Restricted Territory—Relator's Contention That Questions Involved are Outside the Jurisdiction of Board of Adjustment, Not Sustained—Neither Can Relators Stand Successfully Upon the Contention That the Ordinance is an Unreasonable Exercise of Police Power—Presumption is That it is Reasonable Unless Contrary is Shown —Application Denied.**

On rule for *mandamus*.

Before Justices BLACK and CAMPBELL.

For the relators, *Andrew Foulds, Jr.*

For the respondent, *Frederick S. Ranzenhofer.*

PER CURIAM.

Relators applied to respondent on April 29th, 1926, for a permit to erect a four-story, forty-four family apartment-house on lands owned by them and known as Nos. 98 and 100 Passaic avenue, Passaic.

The application was refused because the building, if erected in accordance with the plans submitted, would not conform to the provisions of the building and zoning ordinances of the city with regard to set-back and side and rear yard requirements applicable to buildings in the zone or area in which relators' lands are located.

Respondent contends that relators are not entitled to a writ of *mandamus* because they have not taken an appeal to the board of adjustment seeking that body's judgment under *Pamph. L.* 1926, *p.* 526, as construed by *Chancellor Development Corp.* v. *Senior, 4 N. J. Mis. R.* 633.

Relators contend that the questions involved in this proceeding are not such as the board of adjustment are given jurisdiction over, even by the above statute (*Pamph. L.* 1926, *p.* 526), and that the provisions of the ordinances invoked are an unreasonable exercise of the police power, and, therefore, ineffective.

We think the first contention of relators is not tenable, but that the board of adjustment has jurisdiction to determine from proofs brought before it whether or not the proposed building erected on the lands in question, and in noncompliance with the before specified provisions of the ordinances, would constitute a menace to the public health, safety, morals and general welfare of the city.

Neither can relators stand successfully upon their second contention, because the presumption is that the requirements and regulations in question are reasonable unless the contrary be shown, and there is before us no proof upon that question.

The application is therefore denied, and the rule to show cause is discharged, with costs.